UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BETTIE J. THOMAS,**             **CASE NO.:**

    Plaintiff,

vs.

**MARSHALL HEALTH AND
REHABILITATION CENTER,**

    Defendant.
_____/

**COMPLAINT**

Plaintiff, BETTIE J. THOMAS, hereby sues Defendant, MARSHALL HEALTH AND REHABILITATION CENTER, and alleges:

**NATURE OF THE ACTION**

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

**THE PARTIES**

3. At all times pertinent hereto, Plaintiff, BETTIE J. THOMAS has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race.

4.	At all times pertinent hereto, Defendant MARSHALL HEALTH AND REHABILITATION CENTER, has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.	Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC.  This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.	Plaintiff, an African American female, was employed with Defendant for over 24 years and held the position of housekeeper at the Defendant's location in Perry, Florida.

7.	Plaintiff was subjected to race discrimination by Defendant and Supervisor Betty Tucker, white female.

8.	Plaintiff was fired on false pretenses, claiming that she refused to move a patient, which was not part of her job in housekeeping.

9.	In addition, two other African American female housekeeping staff were terminated near the same time that Plaintiff was terminated and all were replaced by white employees.  Upon information and belief, Plaintiff was replaced by a white employee.

10.	Defendant has taken action against Plaintiff because of her race.

11.	Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under §760.11, Florida Statutes, 42 U.S.C. §1981a and 42 U.S.C. §2000e et seq..

## COUNT I
## RACE DISCRIMINATION

2

12.     Paragraphs 1-11 are re-alleged and incorporated herein by reference.

13.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

23.     Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

24.     Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

25.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

27.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes,

3

and 42 U.S.C. §2000e et seq..

28.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages and equitable/injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 8th day of September 2014.

                                            Respectfully submitted,

                                            /s/ Marie A. Mattox
                                            Marie A. Mattox
                                            MARIE A. MATTOX, P.A.
                                            310 East Bradford Road
                                            Tallahassee, FL 32303
                                            (850) 383-4800 (telephone)
                                            (850) 383-4801 (facsimile)

                                            ATTORNEYS FOR PLAINTIFF